UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GORDON GRAVELLE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 1:19-CV-00409-HAB-SLC |
| | ) |
| AVIS INDUSTRIAL CORPORATION | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Canadian courts declared Plaintiff, Gordon Gravelle ("Gravelle"), a vexatious litigant. He has appeared or sought to appear in Canadian courts over 100 times since 2013, filed countless motions to have decisions reconsidered, and repeatedly appealed unsuccessfully. *See Avis Industrial Corporation v. Gravelle,* 2018 ONSC 4317 (July 11, 2018) (ECF No. 24-1 at 11). He has thus been barred from instituting any proceedings or appeals in any court governed by the Canadian Courts of Justice Act without leave of court. (*Id.* at ¶ 54).

Much of Gravelle's troublesome conduct in the Canadian courts relate to two lawsuits Gravelle filed against the present Defendant, Avis Industrial Corporation ("Avis") and its subsidiaries. The first suit, filed with the Ontario Superior Court in 2013 as cause number CV-13-0385 (the 2013 Action), alleged various causes of action against several defendants including A-1-Security Manufacturing Corporation ("A-1 Security") and Auto Parts Acquisition d/b/a Cumsa Distribution, a wholly-owned subsidiary of Avis ("Auto Parts"). The Canadian court dismissed much of this action in 2014 but left several claims intact and permitted amendment of others. *Gravelle v. A-1 Security Manufacturing Corp.*, 2014 ONSC 5472 (September 24, 2014). Unhappy with the dismissal of some claims and his appeals of the dismissal order unavailing, Gravelle filed a second action in November 2015 as cause number CV-15-450 (the 2015 Action), re-alleging the

dismissed claims and adding Avis as a Defendant. The Ontario Superior Court swiftly disposed of this action finding that the 2015 Action was both time-barred and an abuse of process. *Gravelle v. A-1 Security Manufacturing Corp.,* 2016 ONSC 1486 (March 1, 2016). Additionally, the court concluded that "this action is, as the defendants allege, an attempt by Mr. Gravelle to once again circumvent a court order." (*Id.* at ¶29).[1] As could be expected, Gravelle filed multiple appeals of this dismissal order. Meanwhile, Gravelle continued on with his mischief in the 2013 Action. Eventually, on March 8, 2019, the Ontario Superior Court dismissed the 2013 Action (ECF No. 24-4 at 1). By then, the vexatious litigant order was in place and, it appears, Gravelle did not appeal the dismissal. But, that was not the end of the matter.

Undeterred by the Canadian courts and their dismissal of both his prior cases, Gravelle filed the present complaint, a complaint he has instituted twice before in Canada, against Avis. In that Complaint, he again alleges breach of contract and he also asserts breach of the covenant of good faith and fair dealing. Understandably frustrated at the prospect of defending yet a third action, Avis moved for summary judgment (ECF No. 24) asserting that res judicata, collateral

---

[1] All of these opinions recite in detail the contumacious and troublesome conduct of Gravelle as well as his repeated violation of court orders or attempts to delay court proceedings. In the order declaring Gravelle a vexatious litigant, the court listed the following characteristics found in Gravelle's litigation conduct that it believed supported its conclusion:

- ignoring adverse rulings and procedural setbacks;
- resorting to multiple, repetitive proceedings, often against the same adversary;
- launching court proceedings as if unconcerned about financial resources invariably consumed by such actions;
- persistently abusing the court process;
- bringing one or more actions to determine an issue which is already been determined by the court;
- rolling forward issues raised previously into subsequent actions;
- failing to pay the costs of unsuccessful proceedings; and
- persistently taking unsuccessful appeals from judicial decisions

(*Avis Industrial Corporation v. Gravelle*, 2018 ONSC 4317, at ¶ 48).

estoppel and principles of comity preclude moving forward with the case. Gravelle responded in opposition by filing a brief, affidavits and numerous supplements titled "Book of Authorities" consisting of three separate volumes. (ECF Nos. 38, 39, 42, 43, 47, and 48). Avis has moved to strike some of these filings as untimely (ECF No. 45). Gravelle also requested oral argument on the Motion for Summary Judgment (ECF No. 41). For the following reasons, the Motion for Summary Judgment will be GRANTED. All other motions will be DENIED.

## UNDERLYING FACTUAL DISPUTE

Gravelle is the sole proprietor of CodePro Manufacturing, a company that designs and produces electronic key cutting equipment. (Compl. ¶ 8; ECF No. 1). A-1 Security, a defendant in the Canadian actions and a subsidiary of Avis, manufactures locksmith tools and supplies. (*Id.* at ¶ 9). In January 2011 Avis gave A-1 Security the green light to explore a joint business venture with the Plaintiff. (ECF No. 24-2 at 44). At some point, Gravelle approached A-1 Security's general operations manager, Ricky King ("King") and discussed the potential of exploring a joint business partnership for the design, development and manufacturing of electronic key cutting machines. (Compl. ¶ 11; Amy Sicks Affidavit, ¶ 6, ECF No. 24-2; ECF No. 24-1, Exh. E). The parties did not reach a formal executed contract; however, Gravelle believes that email communications with King from July 4, 2011, containing proposals for an agreement resulted in a contract. (Compl. ¶ 14). After King expressed concerns with Gravelle's proposed terms, Gravelle sent revised terms via email to A-1 Security on two occasions – July 13, 2011 and July 29, 2011.

On July 14, 2011, King authorized the purchase by A-1 Security of two Rapidkey machines from Gravelle. (Sicks Aff. ¶ 10). Gravelle delivered one of the Rapidkey prototypes. (*Id.* at ¶ 12). Over two years later, on September 25, 2013, Danny Teixeira ("Teixeira"), President of Auto Parts, responded by letter to multiple emails from Gravelle. That letter is reproduced in its entirety below:

> RE: RapidKey 7000 machine
>
> Dear Gordon:
>
> This letter is in response to the multiple emails received since Sunday September 22.
>
> A-1 never entered into a joint venture, licensing agreement or any other agreement with you. A-1 ordered and paid for three machine prototypes for evaluation, but you only provided one. In addition, we note you have an outstanding balance with A-1 of $931.21. At this time, we do not intend to seek reimbursement for the non-delivery of the two machines or payment of the outstanding balance, but reserve the right to do so in the future.
>
> Although plans for a future working relationship may have been discussed, there is no contract between the parties, and A-1 is not otherwise obligated to you in any way. We respectfully request that you no longer contact A-1 or CUMSA. Our decision is final.

(Sick Aff. ¶ 12 and Exh. G). Gravelle responded to Teixeira the following day claiming that King breached the joint development/licensing agreement. (*Id.* at ¶13 and Exh. H). Approximately a month later, Gravelle filed the 2013 Action.

**The 2013 Action**

As set out above, Gravelle filed suit against A-1 Security and Auto Parts alleging breach of a joint development/licensing agreement for the design, development and manufacturing of electronic key cutting machines, negligent misrepresentation, wrongfully inducing breach of contract, intentional interference with economic relations, and tortious interference with prospective economic relations. Additionally, Gravelle sought aggravated/exemplary damages along with punitive damages. The Canadian court struck the claims for intentional interference with economic relations and tortious interference with prospective economic relations. (Sick Aff. ¶5, Exhibit B). Leave to amend was granted as to the claims for aggravated and punitive damages. The Canadian court did not strike the claims for breach of contract, negligent misrepresentation, and inducing breach.

Rather than proceed on the remaining claims and/or amending his complaint as permitted, Gravelle took a different route. Ultimately, as discussed above, Gravelle pursued frivolous appeals, failed to comply with procedural requirements, filed the 2015 Action, etc. All this resulted in Gravelle being deemed a vexatious litigant (2018 ONSC 4317, ECF No. 24-1 at 11) and, eventually, in March 2019, the dismissal of the 2013 Action.

**The 2015 Action**

While the 2013 Action was pending and, in an attempt to circumvent the Ontario Superior Court's order striking some of his claims, Gravelle filed the 2015 Action. This action added Avis, King, and Texeira and additional claims to those original brought in the 2013 Action. In March 2016, the Ontario Superior Court dismissed this action as barred by the applicable statute of limitations[2] and deemed it an abuse of process. 2016 ONSC 1486. Gravelle continued to file his appeals and litigate the dismissal of this action all to no avail. *See* 2016 ONSC 6582, ECF No. 24-2 at 142 (Order denying motion to set aside Decision) ECF No. 24-4 at 78 (Notice of Appeal); ECF No. 24-4 at 77 (Order Dismissing Appeal for Delay). Ultimately, all of Gravelle's appeals were denied.

## APPLICABLE STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the district court of the basis of its motion and identifying those portions of designated evidence that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After "a

---

[2] In both the 2013 and 2015 Actions, Gravelle asserted that Ontario law was applicable to the dispute. With respect to the 2015 Action, the Ontario Superior Court determined that the causes of actions set forth in the action were time-barred based on Canada's *The Limitations Act*, 2002.

properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.242, 250 (1986) (quotation marks and citation omitted).

A factual issue is material only if resolving the factual issue might change the outcome of the case under the governing law. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). A factual issue is genuine only if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party on the evidence presented. *See Anderson*, 477 U.S. at 248. In deciding a motion for summary judgment, the court "may not 'assess the credibility of witnesses, choose between competing reasonable inferences, or balance the relative weight of conflicting evidence.'" *Bassett v. I.C. Sys., Inc.*, 715 F. Supp. 2d 803, 808 (N.D. Ill. 2010) (quoting *Stokes v.Bd. of Educ. of the City of Chi.*, 599 F.3d 617, 619 (7th Cir. 2010)). Instead, it must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party. *See Anderson*, 477 U.S. at 255.

## DISCUSSION

Avis contends that Gravelle's breach of contract claim in the present action is barred by the doctrines of res judicata, collateral estoppel and principles of comity. Alternatively, it asserts that the contract claim is barred by Canadian law with respect to the statute of limitations. It is to these assertions the Court now turns.

### A. *Res Judicata* and Principles of Comity

Federal and state court judgments within the United States are enforced state-to-state pursuant to the full faith and credit clause of the United States Constitution, art. 4, § 1, and 28 U.S.C. § 1738. Foreign country judgments, however, are not vested with the protections of the full faith and credit clause or 28 U.S.C. § 1738. No federal law, in the absence of a treaty or federal

statute, governs the recognition or execution of foreign country judgments in the United States. However, "[i]t is well established that United States courts are not obliged to recognize judgments rendered by a foreign country, but may choose to give *res judicata* effect to foreign judgments on the basis of comity." *Van Den Biggelaar v. Wagner* 978 F. Supp. 848, 857 (N.D. Ind. 1997). Indeed, principles of international comity, or mutual respect of sovereigns, direct that United States courts, when possible, should recognize and enforce foreign judgments.

"The Supreme Court has never made a determination as to whether federal or state law governs the recognition of foreign nation governments." *Glaverbel Societe Anonyme v. Northlake Mktg. & Supply Inc.*, No. 2, 1998 WL 750351, at *4 (N.D. Ind. Mar. 31, 1998). "However, the consensus among the state courts and lower federal courts is that, apart from federal question cases, such recognition is governed by state law." *Van Den Biggelaar*, 978 F. Supp. at 853. Thus, this Court applies Indiana substantive law in determining the conclusive effect of a foreign judgment.[3]

*Res judicata*, also known as claim preclusion, operates to preclude litigation regarding matters which have already been litigated and is designed to ensure the finality of judicial decisions. *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589 (7th Cir. 1986). "*Res judicata* prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Under Indiana law, claim preclusion applies when: (1) a court of competent jurisdiction renders a judgment; (2) that judgment was rendered on the merits; (3) the matter now at issue was, or could have been, determined in the prior action; and (4) the current parties to the suit, or their privies, adjudicated the former action. *Marion Cty. Circuit Court v.*

---

[3]Of course, a federal court sitting in diversity applies federal procedural law pursuant to *Erie Railroad Co. v. Tompkins,* 304 U.S. 64 (1938).

*King*, 150 N.E.3d 666, 672 (Ind. Ct. App. 2020) (citing *Angelopoulos v. Angelopoulos*, 2 N.E.3d 688, 696 (Ind. Ct. App. 2013)). Avis asserts that each of the above elements are satisfied by the dismissals of the 2013 and 2015 Actions by the Canadian courts. This Court agrees.

Three of the four elements of claim preclusion are beyond dispute here. There is no serious assertion from either side that the Ontario Superior Court of Justice was not a court of competent jurisdiction. It is equally clear that the current action and the 2013 and 2015 Actions result from the same set of transactional facts, that is, Gravelle's allegation that a joint venture or contractual arrangement existed between the parties and this arrangement was breached.[4] Third, there is no argument that Avis (or its privies) and Gravelle were not parties to both this action and the two actions in Canada.

What is in question by Gravelle, albeit not articulated in this fashion, is whether there was a decision by the Canadian courts "on the merits." With respect to the 2015 Action, Gravelle argues that the dismissal was based upon the statute of limitations and that the court acted "without hearing any evidence or merits of the action." (ECF No. 38 at 5). However, Indiana courts consider a dismissal on the basis of the statute of limitations to be a decision on the merits, rendering a subsequent suit on the same matter barred by *res judicata.* See *Perez v. PBI Bank, Inc.*, 69 F. Supp.

---

[4]Gravelle attempts to dispute this with his assertion that the 2015 action did not contain a separate breach of contract claim against Avis but rather, sought damages under a new theory, i.e., Avis' alleged inducement of the breach of contract. However, the Canadian court specifically found that the 2015 Action was identical to the 2013 Action 2016 ONSC 1486 at 8, ¶25 ("The statement of claim in action No. CV-13-0385 is substantially the same as the statement of claim in this action."). Even setting that aside, Gravelle's argument is of little import. Whether Avis induced the breach of contract or itself breached the contract is a matter that could have been determined in the prior action and is transactionally related to the facts in the prior actions. Suits involve the same claim (or "cause of action") when they "'aris[e] from the same transaction,'" *United States v. Tohono O'odham Nation*, 563 U.S. 307, 316 (2011) (quoting *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 482, n. 22 (1982)), or involve a "common nucleus of operative facts," Restatement (Second) of Judgments § 24, Comment *b*, p. 199 (1982). Here, all of Gravelle's claims arise from a common transaction.

3d 906, 909 (N.D. Ind. 2014) ("So when a case is dismissed based on a statute of limitations, that is a dismissal on the merits under Rule 12(b)(6)."); *Creech v. Town of Walkerton*, 472 N.E.2d 226, 228 (Ind. Ct. App. 1984) ("An adjudication based upon the running of a statute of limitation, as a bar to further action, is just such a judgment on the merits."). Moreover, "a statute of limitations bar is not a curable technical or procedural deficiency," *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003), and thus, logic compels the conclusion that a decision on the statute of limitation acts as a bar to subsequent suits on the same matter as that to which the statute of limitations applied.[5]

With respect to the 2013 Action, Gravelle argues, "no discovery took place. No summary judgment took place. No trial took place. No settlement took place." (ECF No. 38 at 5). What Gravelle ignores is that it is his conduct in front of the Canadian court that ultimately led to its dismissal of the 2013 Action. The record before the Court demonstrates that Gravelle had repeated opportunities to fully and fairly litigate his claims in the 2013 Action. It appears that, while given leave to amend, Gravelle did not do so; nor, did he pursue the claims the Ontario Superior Court left intact. Instead, Gravelle pursued endless motions to reconsider and appeals, failed to comply with procedural rules and discovery and committed a whole host of other violations which, when taken together, appear to have resulted in why he is before this Court today.

Avis urges that the 2013 Action was dismissed at summary judgment and that a summary judgment motion acts as a decision on the merits. (ECF No. 25 at 14). Indeed, the Court agrees that, if the Ontario Superior Court entered an order akin to a summary judgment determination against Gravelle in the 2013 Action, Indiana courts would find that to be an adjudication on the

---

[5] Nevertheless, Gravelle asserts that the statute of limitations should have been tolled in the 2015 Action (and in the present action as well) because of "fraudulent concealment or continuing wrong." (ECF No. 38 at 11). However, Gravelle was free to assert this argument in any of the multiple appeals he filed challenging the dismissal of the 2015 Action. The judgment in the 2015 Action bars the subsequent re-litigation of the statute of limitations.

9

merits for purposes of *res judicata*. *See Foshee v. Shoney's*, Inc., 637 N.E.2d 1277, 1280 (Ind. 1993). But, the nature of the proceeding that resulted in the dismissal of the 2013 Action here is unclear. The Ontario Superior Court's order sheds no light on the nature of the motion that was before it and Avis has not directed the Court to (and the Court has no duty to scour the lengthy record to find) such a motion. The Ontario Superior Court's entire Order reads as follows:

### ORDER

THIS MOTION made by the Defendants for an order dismissing this action was heard this day at Thunder Bay, Ontario on an *ex parte* basis.

ON READING THE MOTION RECORD OF THE DEFENDANTS and on hearing submissions from the lawyer for the Defendants:

1. THIS COURT ORDERS that the within action be and is hereby dismissed.

2. THIS COURT FURTHER ORDERS that the Plaintiff shall pay to the Defendants costs fixed in the amount of $7,200.00 inclusive of fees and disbursements and HST for the action and this motion.

**THIS ORDER BEARS INTEREST** at the rate of three percent (3%) per year commencing on March 8, 2019.

(ECF No. 24-4 at 1).

Gravelle, for his part, emphasizes that Avis is wrong and no summary judgment occurred in the 2013 Action. Based on the absence of evidence to the contrary, the Court assumes this fact favorably to Gravelle. Yet, he still has a steep hill to climb. In an attempt to ascend it, Gravelle argues that in issuing the above Order, "Mr. Justice Newton dismissed said action on <u>a without prejudice basis</u>." (ECF No. 38) (emphasis in original). Such a dismissal, he claims, albeit in a round-about manner, would not be an adjudication on the merits.

The above order is silent on whether the dismissal is with or without prejudice. However, both federal and Indiana rules of procedure treat such a dismissal as an adjudication on the merits. *See* Fed. R. Civ. P. 41(B) ("…Unless the dismissal order states otherwise, a dismissal under this

subdivision …operates as an adjudication on the merits"); Ind. T. R. 41(b) ("…Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision or subdivision (E) of this rule…operates as an adjudication upon the merits.") "Clearly, this means that unless the trial court indicates that the dismissal is without prejudice, it must be deemed to be with prejudice." *Brimhall v. Brewster*, 835 N.E.2d 593, 597 (Ind. Ct. App. 2005); see also *Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 506 (2001) ("[T]he effect of the 'adjudication upon the merits' default provision of Rule 41(b) ... is simply that, unlike a dismissal 'without prejudice,' the dismissal in the present case barred refiling of the same claim"). Gravelle has not offered any evidence or argument challenging such a conclusion. Thus, the Court concludes that the dismissal of the 2013 Action is considered an adjudication on the merits for purposes of the substantive *res judicata* analysis.

In sum, Avis has demonstrated all four prongs of the Indiana requirements for a finding of *res judicata* (claim preclusion) are satisfied. Accordingly, the Court concludes that summary judgment is appropriate. Additionally, the Court also stresses that international comity considerations further buttress why the Court's determination here – that the present action should be barred under *res judicata* principles – is a sound one.

International comity refers to the "spirit of cooperation in which a domestic tribunal approaches the resolution of cases touching the laws and interests of other sovereign states." *See Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 543 n.27 (1987). "[I]t is the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws." *Id.* (citation omitted).

11

Under Indiana law, the decision of whether to dismiss an action out of comity is left to the discretion of the trial court. *Brightpoint, Inc. v. Pedersen,* 930 N.E.2d 34, 39 (Ind.Ct.App. 2010). This is an appropriate case for the Court to exercise its discretion in favor of dismissal. The Canadian courts gave due consideration to the claims and rights of one of its own citizens. They afforded Gravelle meaningful opportunity to access its courts – an opportunity he appears to have squandered so frequently and abused so regularly that the Canadian court system deemed him vexatious and barred him from further access to the courts. So too, this Court is obliged to protect and uphold the rights of its own citizens. Recognition of the Canadian court orders and dismissal of the present case does just that in that it is necessary to prevent a multiplicity of suits, create finality for the parties, avoid vexatious litigation, and prohibit the use of the judicial processes for purposes of harassment.

Moreover, Gravelle filed the 2013 and 2015 Actions asserting that Ontario law applied to his claims and that choice of law principles favored application of Ontario law. *See* CV-13-0385, Statement of Claim, ECF No. 24-1 at 70 ("Plaintiff pleads that this court should apply Ontario law, both in contract and tort, for the disposition of this action…"); CV-15-0450, Statement of Claim, ECF No. 24-4 at 6 (same). The Ontario Superior Court applied Canadian law and determined the *Limitations Act, 2002* barred Gravelle's claims in the 2015 Action. Principles of comity weigh in favor of this Court finding conclusive this determination of Canadian law by the Canadian courts and to respect its sovereignty to interpret its own laws. Thus, the Court finds that the principles of international comity weigh in favor of granting the Defendant's motion for summary judgment.

### B. Statute of Limitations

Even if this Court is incorrect in its analysis that *res judicata* and principles of comity are insufficient grounds upon which to grant Avis' motion, Avis has provided an alternative ground

for summary judgment. Avis asserts that this action, similar to the 2015 action, is time-barred under *The Limitations Act, 2002*. *The Limitations Act, 2002* bars actions commenced more than two years from the alleged breach of contract. Gravelle filed the instant claim well beyond this two year period and thus, his Complaint, independent of *res judicata* principles, is time-barred under Canadian law.[6]

## CONCLUSION

Based on the foregoing, the Defendant's Motion for Summary Judgment (ECF No. 24) is GRANTED. All other pending motions are DENIED. (ECF Nos. 41 and 45). The Clerk is DIRECTED to enter judgment in favor of the Defendant.

SO ORDERED on March 9, 2021.

s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[6] Gravelle is hard-pressed to argue that a different limitations period or a different state's law applies to his Complaint, especially after advocating in both prior actions for Ontario law to apply. As Avis points out, Ontario has the most intimate contacts to this case. Gravelle is a Canadian citizen. He has previously conceded jurisdiction was proper in Canada and claimed that substantial performance of the contract occurred in Canada. He further asserted that damages were sustained by him in Canada for the Defendant's breach. Gravelle also asserted that it was foreseeable that the Defendants (in all actions he has filed) would be held to account for their conduct in Canada.